IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENISE A. BANKS                          )
10510 Cascade Place                      )
Silver Spring, MD 20902,                 )
                                         )
         Plaintiff,                      )
                                         )
     v.                                  )
                                         ) Civil Action No. _____
CHARLES F. CONNER,                       )
ACTING SECRETARY,                        )
U.S. DEPARTMENT OF AGRICULTURE,          )
Whitten Building, Room 200A              )
14th & Independence, S.W.                )
Washington, DC 20090-6090,               )
                                         )
         Defendant.                      )
                                         )

**COMPLAINT**

1.   Plaintiff Denise A. Banks, by and through undersigned counsel, hereby files this civil action against Defendant Charles F. Conner, Acting Secretary of the Department of Agriculture, in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. § 621, 633a et seq. Plaintiff seeks relief pursuant to Title VII, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the ADEA for harms caused to Plaintiff by Defendant's unlawful discrimination against her based on reprisal for her EEO activity and on her race (African American), sex (female), and age (dob: 3/14/49).

2.   Plaintiff requests all relief available under the applicable discrimination laws, including but not limited to the

following: restoration to her position (Deputy Director for Civil Rights (Employment)) at the SES grade-level retroactive to the earliest date that discrimination is found, with full back pay and benefits including interest; performance and spot awards beginning with performance year 2005 including interest; maximum compensatory damages; posting of anti-discrimination notices, and reasonable attorney fees, costs, and expenses, in order to remedy Defendant's unlawful acts.

## PARTIES

3. Plaintiff Denise A. Banks, a citizen of the United States, is a Division Chief for the United States Department of Agriculture ("USDA"), with over 26 years of exemplary government service and over 7 years of experience with USDA. She resides at 10510 Cascade Place, Silver Spring, MD 20902. Ms. Banks is African American and female and was born on March 14, 1949.

4. Defendant Charles F. Conner is Acting Secretary of Agriculture, and as such, has ultimate authority over the actions of USDA. Defendant is sued in his official capacity only. His address is U.S. Department of Agriculture, Whitten Building, Room 200A, 14th & Independence, S.W., Washington, DC 20090-6090.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

6. Specifically, this Court has jurisdiction over this

Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 29 U.S.C. § 626(b).

7. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). The discriminatory and retaliatory acts took place in the District of Columbia.

8. In her first EEO complaint, Ms. Banks timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of discrimination in or around February 2000, within 45 days of her January 29, 2000 demotion from the position of Deputy Director for Civil Rights (Employment) at an SES salary level to the position of Special Assistant at the GS-15 salary level, and the February 15, 2000 Letter of Counseling from Frederick Isler. (Ms. Banks' prior 1999 EEO complaint, which concerned her proposed demotion, was later consolidated by the EEO office with this 2000 EEO complaint). The EEO Counselor notified Ms. Banks of her right to file a formal discrimination complaint on June 21, 2000, which Ms. Banks timely filed. The USDA issued a Final Agency Decision ("FAD") affirming the EEOC's grant of summary judgment and upholding the demotion on February 5, 2007, which Plaintiff received on February 14, 2007. Plaintiff filed a timely appeal to the Office of Federal Operations ("OFO") on March 15, 2007. The OFO affirmed the Agency's Decision on July 6, 2007. Ms. Banks now brings this Complaint within 90 days of her receipt of the OFO's decision on July 11, 2007.

9.   In her second EEO complaint, Ms. Banks timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of discrimination and retaliation on December 4, 2006, within 45 days of the removal of her $4,000 performance award resulting from a change in her performance rating from "Outstanding" to "Fully Satisfactory". The EEO Counselor notified Ms. Banks of her right to file a formal discrimination complaint on March 6, 2007. Ms. Banks timely filed her formal complaint on March 20, 2007. The Agency investigation is currently pending. Plaintiff files the instant Complaint more than 180 days after filing her second formal discrimination complaint.  See 42 U.S.C. § 2000e-16(c).

**FACTS**

10.  Ms. Banks is a highly qualified EEO Specialist who has managed EEO and Civil Rights offices in numerous federal government agencies. Ms. Banks has devoted 26 years of service to the federal government, including over 8 years in USDA.

11.  Ms. Banks started her federal career as a Program Analyst in the EEO Branch of the National Institutes of Health in 1978. During her tenure from 1978 to 1990, Ms. Banks earned an appointment to the position of Acting Branch Chief for the EEO Branch and earned a series of promotions from the GS-11 to the GS-14 level.  Ms. Banks distinguished herself through exemplary leadership and knowledge of EEO policies.  She moved to the Library of Congress in 1990, where she served as a GS-15

Affirmative Action Coordinator for three years. Ms. Banks earned a promotion to the Senior Executive Service ("SES") level in 1993 and remained in that position as Affirmative Action Coordinator until 1996, when she accepted a position in the private sector. After a brief interval of work outside the federal government, Ms. Banks accepted a position as the Deputy Director for Civil Rights (Employment) at the USDA in February 1999.

12. Ms. Banks entered the USDA as an SES employee; her supervisor was former OCR Director Rosalind Gray (light-skinned African American female approximately 42 years of age). Ms. Gray made false and derogatory accusations against Ms. Banks and proposed that Ms. Banks be demoted to the level of GS-15. Ms. Banks filed a complaint in the year 1999 against Ms. Gray and Ms. Gray's supervisors, including former USDA Acting Assistant Secretary for Administration Sally Thompson (white female approximately 55 years of age), and former USDA Acting Assistant Secretary for Administration Paul Fiddick (white male approximately 48 years of age).

13. Ms. Banks was subsequently demoted from SES level to the level of Grade 15, Step 10, on January 29, 2000 for alleged poor performance (with pay retention of her SES salary until the GS-15 pay scale equaled her retained pay). USDA retained her Asian male SES colleague Jeremy Wu, however, despite allegations that he suffered performance problems. The successor to her

position was Gil Sandati (Hispanic male).  On information and belief, Ms. Banks' other similarly situated colleagues in the SES were predominantly white, male, younger, and lacking in prior EEO activity.

14. Because of stress-related illness caused by Ms. Gray's discriminatory conduct, Ms. Banks took approved sick leave for approximately two weeks thereafter.  Despite the fact that Ms. Banks had 217 hours of sick leave available and an equal amount of annual leave available, Ms. Gray stopped payment of Ms. Banks' salary.

15. After Ms. Banks returned to work, she found that Deputy Director Frederick Isler had sent her a Letter of Counseling via FedEx to her work address.  Mr. Isler's letter stated that he was displeased by the fact that Ms. Banks had called in to the office regarding work-related matters and had not asked to speak with him.  Mr. Isler's letter also complained that he did not know where Ms. Banks was, even though Ms. Banks had faxed all her medical documentation supporting her absence to him.

16. In 2000, Ms. Banks filed a second EEO complaint against the officials named in paragraphs 12 and 15, concerning (1) her removal from SES, (2) demotion to the level of GS-15, Step 10, with pay retention, (3) Letter of Counseling from Mr. Isler, and (4) salary loss during her sick leave period.  Ms. Banks' 1999 complaint in response to the original proposal that

6

she be demoted was consolidated with her 2000 complaint.

17. Mr. Isler became Ms. Banks' new first-line supervisor as a result of the discriminatory demotion.

18. From the year 2000 through October 2004, Ms. Banks earned exemplary performance reviews. Mr. Isler issued Ms. Banks several ratings of "outstanding". Ms. Banks was temporarily recruited into David Winningham's office, and received exemplary performance reviews from Mr. Winningham as well.

19. Notwithstanding the demotion, from the year 2000 through October 2004, Ms. Banks distinguished herself through stellar performance, extensive knowledge, professionalism and management ability. Ms. Banks earned Performance Review ratings of "Outstanding" for nearly every evaluation period. Ms. Banks earned monetary Performance Awards each and every year for her high-quality work.

20. However, Sadhna G. True (Asian female, age approximately forty (40) years) became the Director for Civil Rights and Employment at the USDA and Ms. Banks' second line supervisor in August 2004. The environment within the USDA Civil Rights and Employment Division changed dramatically after Ms. True's arrival.

21. Beginning in 2004, Ms. True enacted a planned strategy to target African American employees, especially females, at or near 55 years of age for removal from the Division. She used

a variety of coercive tactics against many such employees, including Ms. Banks, in order to force them into early retirement, departure or resignation.

22. Ms. True began implementing her plan by creating and fostering an extremely hostile working environment for any Division employees in the targeted group. Ms. True openly berated the targeted employees and lodged numerous false accusations against them pertaining to their work and their personal characters. A flood of EEO complaints ensued.

23. As an employee with a stellar career record, a high-level of credibility, and extensive experience supervising and observing subordinates, Ms. Banks was called upon to provide testimony and affidavits on behalf of numerous employees suffering from the planned race, sex, and age discrimination.

24. In March 2005, Ms. Banks submitted an affidavit on behalf of former Team Leader of the Programs Intake Unit in the Programs Directorate, Lorna Lewis, in her EEO complaint against management officials, including Ms. True.

25. In May 2005, Ms. Banks submitted an affidavit on behalf of former Adjudicator in the Employment Adjudication Division, Lola Hatcher-Capers, in her EEO claim against management officials, including Ms. True.

26. In November 2005, Ms. Banks submitted an affidavit on behalf of Disability Compliance Officer for the Equal Opportunity and Compliance Division, Jean Mahoney, who had filed

an EEO complaint against management officials, including Ms. True.  Ironically, Ms. Mahoney's claim involved a failure to accommodate her physical disability (paraplegia resulting from Polio).

27. In or around November 2006, Ms. Banks submitted an affidavit on behalf of Adjudicator in Complaints Adjudication Division, Gayle Petersen, in her EEO complaint and/or her defense against management officials, including Ms. True.

28. In or around January 2007, Ms. Banks submitted an affidavit on behalf of Computer Specialist in the Tracking Analysis and Applications Division, Nossie Robinson, in her EEO complaint against management officials, including Ms. True.

29. In September 2007, Ms. Banks provided deposition testimony on behalf of former Program and Management Analyst in the Employment Complaints Division, Mary Cortez, in her EEO Age Discrimination complaint against management officials, including Ms. True.

30. As recently as September 17, 2007, Ms. Banks provided an affidavit on behalf of EEO Specialist in the Employment Complaints Division, Debbie Allen, in her EEO complaint against management officials, including Ms. True.

31. Ms. True decided to take action against Ms. Banks (1) because she was in the targeted group and (2) because she repeatedly opposed Agency discrimination by supporting fellow employees in their EEO complaints against Ms. True and other

managers.

32. In October 2005, Ms. True denied Ms. Banks an annual performance award by directing Ms. Banks' new first-line supervisor Dr. Constance Bails to reduce Ms. Banks' peformance appraisal from "Outstanding" to "Excellent" and only "Fully Satisfactory" in the area of Communications.

33. Dr. Bails informed Ms. Banks that she had initially issued Ms. Banks an overall rating of "Outstanding", but that Ms. True had instructed Dr. Bails to change the rating to "Excellent". According to established practices and procedures, the rating of "Excellent" did not entitle Ms. Banks to any Performance Award.

34. Ms. Banks later spent a significant portion of her working hours editing and revising the written products of employees rated "Excellent" in the area of Communications.

35. Moreover, Ms. True included "EEOC Hearings" as one of Ms. Banks' major work elements and rated her for this element. However, Ms. True was well aware that Ms. Banks was not responsible for work related to EEOC Hearings.

36. Based on Ms. Banks' 2005 rating, she did not receive a $4,000 Performance Award for the year 2005, contrary to every previous year since the beginning of her employment with the USDA. On information and belief, Ms. Bank's fellow Division Chiefs, who are predominantly white, male, and younger than Ms. Banks, received performance awards.

37. Ms. Banks submitted a Request for Reconsideration of her 2005 evaluation to Ms. True. In November 2006, Dr. Bails informed Ms. Banks that Ms. True had denied her request.

38. In addition to discriminatorily denying Ms. Banks her annual Performance Awards, Ms. True discriminatorily denied Ms. Banks numerous spot awards beginning in or around April 2005. Ms. Banks should have received several such awards for submitting ideas and recommendations to improve OCR's business operations and complaints processing. Frequently, Ms. True accepted Ms. Banks' insightful recommendations and implemented her ideas throughout OCR. However, Ms. True publicly attributed Ms. Banks' recommendations to younger employees and assigned the associated projects to younger managers, such as her subordinate Branch Chief, Michele Eiland. Ms. True then gave the aforementioned younger employees and managers monetary Spot Awards for Ms. Banks' efforts.

39. Along with the discriminatory denials, Ms. True made numerous derogatory and discriminatory remarks to and about Ms. Banks.

40. In early October 2006, Dr. Bails conducted Ms. Banks' Performance Review for the year 2006. Dr. Bails again issued Ms. Banks a rating of "Outstanding", which entitled her to receive a $4,000 Performance Award for the year 2006.

41. On October 27, 2006, however, Dr. Bails informed Ms. Banks that Ms. True had once more forced her to again change Ms.

Banks' 2006 performance rating from "Outstanding" to "Excellent", and to rate Ms. Banks no better than "Fully Successful" in the area of Communications.  Based on Ms. True's action, Ms. Banks again lost her Performance Award for the year 2006.  On information and belief, Ms. Bank's fellow Division Chiefs, who are predominantly white, male, and younger than Ms. Banks, received performance awards.

42.  Ms. Banks filed an EEO Complaint in late 2006 concerning the discriminatory denial of Performance Ratings and Performance Awards she had rightly earned.

43.  Ms. True conducted Ms. Banks' performance review in or around July 2007.  Ms. True issued Ms. Banks an overall rating of "Fully Successful".  As a result, Ms. Banks was ineligible for a Performance Award in 2007.  On information and belief, Ms. Bank's fellow Division Chiefs, who are predominantly white, male, and younger than Ms. Banks, received performance awards.

44.  On July 23, 2007, Ms. True sent Ms. Banks a Letter of Direction, commanding her to perform a series of tasks over the upcoming weeks.  Ms. True's letter stated that failure to complete any one of the tasks could subject her to termination.

45.  On July 27, 2007, Ms. Banks initiated a new claim of intentional discrimination based on age, race, sex, and reprisal against Ms. True.  Ms. Banks included a claim of retaliation based on Ms. Banks' 2006 EEO complaint concerning denial of Performance Awards and based on Ms. Banks' testimony in numerous

other employees' EEO proceedings.  Ms. Banks' third claim is currently in the informal stage, but Plaintiff intends to seek to amend her Complaint to include this claim as soon as it is ripe.

46. As of the date of this filing, on information and belief, the Agency's discriminatory conduct has driven at least twenty-five (25) employees out of the Employee Complaints Division, through forced transfers, retirements and constructive discharges.  The Division, which had thirty-five (35) employees in 2004, now has only ten (10) employees.  The workload remains the same.

## **CAUSES OF ACTION**

### Count I

47. Based upon the facts described in the preceding paragraphs, Defendant unlawfully retaliated against Plaintiff Denise A. Banks on the basis of her prior protected activities by demoting Plaintiff and denying Plaintiff her Performance Awards in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

### Count II

48. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Denise A. Banks on the basis of race (African American) by demoting Plaintiff and denying Plaintiff her Performance Awards in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e, et seq.

### Count III

49. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Denise A. Banks on the basis of sex (female) by demoting Plaintiff and denying Plaintiff her Performance Awards in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

### Count IV

50. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Denise A. Banks on the basis of age (dob: 3/14/49) by demoting Plaintiff and denying Plaintiff her Performance Awards in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. § 621, 633a et seq.

### RELIEF REQUESTED

51. Plaintiff requests all remedies available under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and any other applicable discrimination laws including but not limited to the following relief:

    a. Immediate reinstatement of Plaintiff to the SES position of Deputy Director for Civil Rights (Employment) in the USDA, or an agreeable equivalent position, with the appointment being retroactive to the earliest date that

        discrimination is found;

b. Full back pay, with interest, and back benefits from the date of Plaintiff's demotion to the date of judgment;

c. Maximum compensatory damages to which Plaintiff is entitled after proof at trial;

d. Appropriate record correction consistent with the facts of this case and the above-requested relief;

e. Posting of notices at USDA's Washington, D.C. headquarters stating that discrimination has occurred and is unlawful.

f. The reasonable attorney fees at prevailing market (<u>Laffey</u>) rates, costs, and expenses of this action; and

g. Such other relief as the Court deems just and appropriate.

**<u>JURY TRIAL</u>**

Plaintiff requests a trial by jury on all issues that are triable by jury.

                                                _____
                                                JOSEPH D. GEBHARDT
                                                    (DC Bar No. 113894)
                                                CHARLES W. DAY, JR.
                                                    (DC Bar No. 459820)
                                                GEBHARDT & ASSOCIATES, LLP
                                                1101 17th Street, N.W.
                                                Suite 807
                                                Washington, DC 20036-4716
                                                (202) 496-0400

October 5, 2007                    Attorneys for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

**151 Medicare Act**

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)* OR F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*                                              | H. *Employment Discrimination*                                                                                                                                                       | I. *FOIA/PRIVACY ACT*                                                                                 | J. *Student Loan*                                                  |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence               | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)*              | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans)       |

| K. *Labor/ERISA (non-employment)*                                                                                                                                                            | L. *Other Civil Rights (non-employment)*                                                                                                                                                  | M. *Contract*                                                                                                                                                                                                                                                                                     | N. *Three-Judge Court*                                     |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act)             |

**V. ORIGIN**

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

---

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>**YES**      **NO** |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction)      **YES**      **NO** | | If yes, please complete related case form. |

**DATE**                          **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   **I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   **III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

   **IV.**  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   **VI.**  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   **VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.