**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DENISE A. BANKS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 07-1807 (RWR) |
| ) | |
| ED SCHAFER, Secretary, ) | |
| United States Department of Agriculture ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER**

Defendant Ed Schafer, Secretary, United States Department of Agriculture (hereinafter "Defendant" or "Agency"), by and through undersigned counsel, hereby answers the allegations in Plaintiff's Complaint as follows:

FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

SECOND DEFENSE

This Court lacks subject matter jurisdiction over certain claims in the Complaint.

THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies as to certain claims in the Complaint.

FOURTH DEFENSE

Defendant denies each and every allegation in the Amended Complaint except as may be expressly and specifically admitted. Defendant responds to the separately numbered paragraphs and prayers for relief as follows:

1

PARTIES

1. This paragraph asserts that Plaintiff brings this civil action against Defendant Charles F. Conner, Acting Secretary of the Department of Agriculture in his official capacity pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, and seeks relief under these laws for alleged harm to Plaintiff because of alleged discrimination.[1]  This paragraph asserts the statutory basis for Plaintiffs complaint to which no response required.  To the extent a response is required, admit.

2. This paragraph states Plaintiff's requests for all relief under the applicable discrimination laws, to include retroactive restoration to prior SES position, back pay, performance and spot awards beginning with the year 2005, compensatory damages, and attorneys fees.  This paragraph asserts Plaintiffs belief of what relief she is entitled to under the statutes under which she brings this complaint to which no response is required.  To the extent a response is required, Deny.

3. This paragraph avers that Plaintiff is a citizen of the United States, characterizes her employment with the federal government, her residence, her race, sex, and date of birth to which no response is required.  To the extent a response is required, admit.

4. This paragraph asserts that Defendant Charles F. Conner, Acting Secretary of the Department of Agriculture, has ultimate authority over the actions of USDA and that he is being sued in his official capacity and lists his work address.  To the extent a response is required, admit.

---

[1] Ed Schafer is currently the Secretary of Agriculture.  He replaced Charles Conner who was Acting Secretary of Agriculture when this complaint was filed.

JURISDICTION AND VENUE

5. This paragraph asserts that this Court has jurisdiction over this complaint because it presents a question of federal law to which no answer is required. To the extent an answer is deemed required, admit.

6. This paragraph asserts that this Court has jurisdiction over this complaint specifically pursuant to Title VII of the Civil Rights Act of 1964, as Amended, and the Age Discrimination in Employment Act to which no answer is required. To the extent an answer is deemed required, admit.

7. This paragraph asserts that this Court is the proper venue because the alleged discriminatory and retaliatory acts took place in the District of Columbia. The assertion consists of conclusions of law concerning jurisdiction to which no response is required. To the extent an answer is deemed required, admit.

8. The first sentence of this paragraph asserts that Plaintiff timely initiated contact with Defendant's EEO office in or around February 2000, within 45 days of her January 29, 2000, demotion from the SES position of Deputy Director for Civil Rights and a February 15, 2000, letter of counseling from Frederick Isler. Defendant admits the first sentence. Defendant admits the second sentence of this paragraph (in which Plaintiff asserts that a prior 1999 EEO complaint concerning her proposed demotion was later consolidated by the EEO office with this 2000 EEO complaint). In the third sentence of this paragraph, Plainiff asserts that an EEO counselor notified her of her right to file a formal complaint on June 21, 2000, and that Plaintiff timely filed a formal EEO complaint. Defendant admits that Plaintiff timely filed a formal complaint. In sentence four of this paragraph, Plaintiff asserts that on February 5, 2007, Defendant issued a

Final Agency Decision (FAD) affirming the EEOC's grant of summary judgment and upholding the demotion and that Plaintiff received the FAD on February 14, 2007.  In sentence five of this paragraph, Plaintiff asserts that she filed a timely appeal to the Office of Federal Operations (OFO) on March 15, 2007.  Defendant admits sentence five.  In sentence six of this paragraph, Plaintiff asserts that this complaint is filed with this court within 90 days of the OFO's decision on July 11, 2007.  Defendant denies that the OFO's decision is dated July 11, 2007.

9.      Plaintiff asserts in the first sentence of this paragraph that she timely initiated contact with the Defendant's EEO office regarding her claim of discrimination and retaliation on December 4, 2006, within 45 days of the removal of her $4,000 performance award resulting from a change in her performance rating from "Outstanding" to "Fully Satisfactory."  Defendant admits that Plaintiff was timely when she initiated contact with an EEO Counselor on December 4, 2006, but denies the remainder of the sentence (that her performance rating was changed from "Outstanding" to "Fully Satisfactory" because of discrimination and retaliation).  Defendant admits sentence three (that Plaintiff received her right to file a formal discrimination complaint on March 6, 2007).   Defendant admits sentence four (that Plaintiff timely filed a formal complaint on March 20, 2007).  Defendant admits sentence five of this paragraph that Plaintiff timely her complaint in federal court more than 180 days after the second formal complaint of discrimination.

## FACTS

10.  In the first sentence of this paragraph, Defendant admits that Plaintiff is a highly qualified EEO Specialist, but is without sufficient information to admit or deny that Plaintiff has managed numerous EEO and Civil Rights offices in federal agencies.  The Defendant is without

sufficient information to admit or deny the first part of the second sentence in this paragraph (that Plaintiff has twenty-six years of government service).  Defendant admits the second part of the second sentence that Plaintiff has worked eight years with Defendant.

      11.  In the first two sentences of this paragraph Plaintiff states the positions and grades she held from 1978 to 1990 during her federal employment.  Defendant is without sufficient information to admit or deny the first two sentences of this paragraph.  Plaintiff in sentence three alleges she distinguished herself in leadership and knowledge of EEO policies.  Defendant, at this time lacks sufficient information to admit or deny sentence three of this paragraph.  To the extent a response is required for sentence three, Defendant denies.  Plaintiff in sentence four alleges she held a GS-15 position as an Affirmative Action Coordinator with the Library of Congress for three years. Defendant, at this time lacks sufficient information to admit or deny sentence four of this paragraph.  In sentence five, Plaintiff alleges she was promoted to the SES level in 1993 and served in the position of Affirmative Action Coordinator until 1996, when she left for the private sector.  Defendant, at this time lacks sufficient information to admit or deny sentence five of this paragraph. Defendant admits the last sentence in this paragraph (that Plaintiff accepted a position as the Deputy Director for Civil Rights (Employment) at USDA in February 1999.

      12.  Defendant admits the first part of sentence one (that Plaintiff began employment with USDA as an SES employee; and that her supervisor was former Director Rosalind Gray, an African-American female).  Defendant lacks sufficient information to admit or deny the second part of sentence one (that Ms. Gray is "light skinned" and her age is 42 years old).   Defendant denies the first part of the second sentence (that Ms. Gray made false and derogatory accusations

against Plaintiff). Defendant admits the second part of the second sentence (that Ms. Gray approved Plaintiff's demotion to grade GS-15). Defendant admits the first part of the last sentence (that Plaintiff filed an initiated an informal EEO complaint through her attorney in December 1999). Defendant is without sufficient knowledge to admit or deny that Sally Thompson was one of her supervisors.

   13. Defendant admits sentence one (that Plaintiff was demoted from SES level to Grade 15, Step 10, in January 2000, for poor performance). Defendant admits the first part of sentence two (that Jeremy Wu was not demoted). Defendant denies the second part of sentence two (that Mr. Wu was retained despite allegations that he suffered performance problems). Defendant lacks sufficient information to admit or deny sentence three (that Gil Sandati succeeded Plaintiff). Defendant denies the last sentence (that Plaintiffs similarly situated colleagues in SES were predominately white, male, younger, and lacking in prior EEO activity).

   14. Defendant lacks sufficient information to admit or deny the first part of sentence one (that because of stress-related illness caused by Ms. Gray's alleged discriminatory conduct). Defendant denies the second part of sentence one (assuming that Plaintiff is referring to the period from January 28, 2000 to February 11, 2000). Defendant denies the first part of the second sentence (the numbers of hours of sick leave and of annual leave Plaintiff had). Defendant lacks sufficient information to admit or deny the second part of sentence two (that Ms. Gray stopped payment of Ms. Banks' salary).

   15. Defendant denies first part of the first sentence of this paragraph (that Plaintiff was sent a Letter of Counseling after she returned to work). Defendant admits the second part of sentence two (that Plaintiff was sent a Letter of Counseling). Defendant denies the letter was

sent to her work address. Defendant admits sentence two (that Mr. Isler was displeased that Plaintiff did not ask to speak to him to request sick leave). Defendant admits the first part of sentence three, (that Mr. Isler did not know where she was) and denies the second part of the sentence (that Plaintiff had faxed all her medical documentation supporting her absence to him).

    16. Defendant admits the first sentence of this paragraph that Plaintiff filed a second EEO complaint in 2000 concerning her removal, demotion, letter of counseling from Frederick Isler, and a salary loss during her sick leave period. Defendant admits that Plaintiff's informal EEO complaint filed in 1999 was consolidated with her 2000 complaint.

    17. Defendant admits that the first portion of sentence one that states that Frederick Isler became Plaintiff's first line supervisor, but denies that this as a result of discrimination.

    18. Defendant denies the first sentence of this paragraph in which Plaintiff alleges that she received exemplary performance reviews. Defendant is also without sufficient knowledge to admit or deny that Frederick Isler gave Plaintiff several ratings of "outstanding"; that Plaintiff was temporarily recruited into David Winningham's office, and received exemplary performance reviews from Mr. Winningham as well.

    19. Defendant denies the first sentence in this paragraph (that notwithstanding Plaintiff's demotion, from the year 2000 through October 2004, Plainiff distinguished herself through stellar performance, extensive knowledge, professionalism and management ability). Defendant denies the second sentence (that Plaintiff earned Performance Review ratings of "Outstanding" for nearly every evaluation period). Defendant denies the last sentence of this paragraph (that Plaintiff earned monetary Performance Awards each and every year for high-quality work).

    20. Defendant admits the first part of the first sentence of this paragraph (that Sadhna

True became the Director for Civil Rights at the USDA), but denies that Ms. True was Plaintiff's second line supervisor. Defendant denies the second sentence (that the environment within the Civil Rights Division changed dramatically after Ms. True's arrival).

21. Defendant denies the first sentence of this paragraph (that beginning in 2004, Ms. True planned a strategy to target African-American employees, especially females, at or near 55 years of age for removal from the Division). Defendant denies the second sentence of this paragraph (that Ms. True used a variety of coercive tactics against many such employees, including Ms. Banks, in order to force them into early retirement, departure or resignation).

22. Defendant denies each sentence in this paragraph.

23. Defendant denies the first part of this paragraph (that Plaintiff had a stellar career record, a high level of credibility); admits that Plaintiff had extensive experience supervising employees. Defendant is without sufficient knowledge to admit or deny that Plaintiff was called upon to provide testimony and affidavits on behalf of numerous employees.

24. Defendant is without sufficient knowledge to admit or deny this paragraph that Plaintiff submitted an affidavit on behalf of Lorna Lewis EEO claim.

25. Defendant is without sufficient knowledge to admit or deny this paragraph that Plaintiff submitted an affidavit on behalf of Lola Hatcher-Capers EEO claim.

26. Defendant is without sufficient knowledge to admit or deny this paragraph that Plaintiff submitted an affidavit on behalf of Jean Mahoney EEO claim.

27. Defendant admits that Plaintiff submitted an affidavit on behalf of Gayle Petersen for Ms. Petersen's Merit Systems Protection Board (MSPB) hearing. However, the affidavit is dated May 10, 2007, and Defendant therefore denies that the affidavit was submitted in November

2006. Defendant is without sufficient knowledge to admit or deny that Ms. Petersen's MSPB claim was an EEO complaint against management officials, including Ms. True.

28. Defendant is without sufficient knowledge to admit or deny this paragraph that Plaintiff submitted an affidavit on behalf of Nossie Robinson's EEO claim.

29. Defendant is without sufficient knowledge to admit or deny this paragraph that Plaintiff submitted an affidavit on behalf of Mary Cortez's EEO claim.

30. Defendant is without sufficient knowledge to admit or deny this paragraph that Plaintiff submitted an affidavit on behalf of Debbie Allen's EEO claim.

31. Defendant denies each sentence in this paragraph.

32. Defendant denies each assertion in this paragraph that Ms. True denied Plaintiff an annual performance award by directing Dr. Constance Bails to lower Plaintiff's performance appraisal, except that Defendant admits that Plaintiff received a "Fully Successful" for the element of "Communications and Alliances."

33. Defendant denies the first sentence. Defendant denies the second sentence (that under established practice and procedures, the rating of "Excellent" did not entitle Plaintiff to any performance award). Under the USDA Guide for Employee Recognition, an employee must receive at least a fully successful on their summary rating to be considered for a performance award.

34. Defendant denies this paragraph (that Plaintiff spent a significant portion of her working hours editing and revising the written products of employees rated "Excellent" in the area of communications).

35. Defendant denies the first sentence (that Plaintiff was rated on EEOC hearings).

Defendant denies the second sentence (that Ms. True was well aware that Plaintiff was not responsible for work related to EEOC hearings).

36. Defendant admits the first part of sentence one (that based on Plaintiff's 2005 rating, she did not received a $4,000 performance award, but Defendant is without sufficient knowledge to admit or deny the assertion that this was contrary to previous years). Defendant denies the second sentence.

37. Defendant denies (that Plaintiff submitted a Request for Reconsideration of her 2005 evaluation to Ms. True).

38. Defendant denies the first sentence (that Ms. True discriminatorily denied Plaintiff numerous spot awards beginning in April 2005). Defendant is without sufficient information to admit or deny that Ms. True accepted Plaintiff's insightful recommendations and implemented her ideas). Defendant denies the third sentence that Ms.True attributed Plaintiffs recommendations to younger employees such as Michele Eiland. Defendant denies the last sentence in this paragraph that Ms. True gave younger employees and manager's monetary Spot Awards for Plaintiff's efforts.

39. Defendant denies this paragraph.

40. Defendant denies the first sentence of this paragraph (that in early October 2006, Dr. Bails conducted Ms. Banks performance review for the year 2006. Deny the second sentence (that Dr. Bails issued Plaintiff a rating of "Outstanding" which entitled her to receive a $4,000 performance award for 2006).

41. Defendant is without sufficient information to admit or deny sentence one (that Dr. Bails informed Plaintiff that Ms. True had forced Dr. Bails to again change Plaintiffs 2006

performance rating from "Outstanding" to "Excellent" and to rate Plaintiff no better that "Fully Successful" in the area of communications). Defendant denies sentence two (that based on Ms. True's action, Plaintiff again lost her performance award for the year 2006). Defendant is without sufficient information to admit or deny sentence three.

42. Defendant admits that Plaintiff filed an EEO complaint in late 2006 concerning her performance rating and denial of a monetary award. (Plaintiff contacted an EEO counselor on December 4, 2006).

43. Defendant admits the first two sentences (that Ms. True conducted a performance review in July of 2007, and that Plaintiff received an overall rating of "Fully Successful"). Defendant denies the third sentence (that Plaintiff was ineligible for a performance award in 2007). Defendant denies sentence three (that Plaintiffs fellow Division Chiefs, who are predominately white, male, and younger than Ms. Banks, received performance awards).

44. Defendant admits sentence one (that Ms. True sent Plaintiff a letter of Direction, directing her to perform a series of tasks. However the date in the file indicates that the date was actually July 20, 2007). Defendant denies sentence three (that Ms. True's letter stated that failure to complete any one of the tasks could lead to Plaintiff's termination).

45. Defendant is without sufficient knowledge to admit or deny the first two sentences of this paragraph. With respect to the third sentence of this paragraph, Defendant admits that a third claim was filed, but no response is required to Plaintiff's assertion of her intent to seek to amend the alleged third claim.

46. Defendant denies sentence one (that as of the date of filing of this complaint, the Agency's alleged discriminatory conduct has driven employees out of the Employee Complaints

Division). Defendant denies that the Division had thirty-five employees in 2004 and now has ten employees. Defendant denies that the workload in the Division is the same.

## CAUSES OF ACTION

Defendant incorporates by reference its answers to paragraphs 1-46

47. This paragraph re-asserts allegations in the preceding paragraphs that Defendant retaliated against the Complainant by demoting her and denying her performance awards. As such the paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

48. This paragraph re-asserts allegations in the preceding paragraphs of the Complaint that the Defendant discriminated against Plaintiff on the basis of race in denying her performance awards, and as such this paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

49. This paragraph re-asserts allegations in the preceding paragraphs that Defendant discriminated against the Complainant on the basis of sex by demoting her and denying her performance awards. As such the paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

50. This paragraph re-asserts allegations in the preceding paragraphs that Defendant discriminated against the Complainant on the basis of age in violation of the Age Discrimination in Employment Act (ADEA) by demoting her and denying her performance awards. As such the paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

## DEMAND FOR RELIEF

The following paragraphs are Plaintiff's demand for relief to which no response is required. To the extent that an answer is deemed to be required, Defendant denies that Plaintiff is entitled to any relief. Any relief also would be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

## DEMAND FOR JURY TRIAL

The following sentence is Plaintiff's demand for a jury trial to which no response is required. To the extent that an answer is deemed to be required, Defendant denies that Plaintiff has a right to a jury trial as to his claims under the ADEA.

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 514-0338

Of Counsel:
Robert Hardin, D.C. BAR #393164
Office of the General Counsel
U. S. Department of Agriculture