IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE A. BANKS<br>10510 Cascade Place<br>Silver Spring, MD 20902,<br><br>    Plaintiff,<br><br>  v.<br><br>ED SCHAFER, SECRETARY,<br>U.S. DEPARTMENT OF AGRICULTURE,<br>Whitten Building, Room 200A<br>14th & Independence, S.W.<br>Washington, DC 20090-6090,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1807 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

1.  Plaintiff Denise A. Banks, by and through undersigned counsel, hereby files this first Amended Complaint against Defendant Ed Schafer, Secretary of the Department of Agriculture, in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. § 621, 633a et seq. Plaintiff seeks relief pursuant to Title VII, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the ADEA for harms caused to Plaintiff by Defendant's unlawful discrimination against her and subjection of her to a hostile work environment based on reprisal for her EEO activity and on her race (African American), color (dark brown); sex (female), and age (dob: 3/14/49).

2. Plaintiff requests all relief available under the applicable discrimination laws, including but not limited to the following: restoration to her position (Division Chief for the Employment Complaints Division ("ECD"), Office of Civil Rights ("OCR"), Office of the Assistant Secretary for Civil Rights ("ASCR") at the United States Department of Agriculture ("USDA") at the SES grade-level retroactive to the earliest date that discrimination is found, with full back pay and benefits including interest; performance and spot awards beginning with performance year 2005 including interest; maximum compensatory damages; posting of anti-discrimination notices, and reasonable attorney fees, costs, and expenses, in order to remedy Defendant's unlawful acts.

**PARTIES**

3. Plaintiff Denise A. Banks, a citizen of the United States, was the Division Chief for the Employment Complaints Division ("ECD"), Office of Civil Rights ("OCR"), Office of the Assistant Secretary for Civil Rights ("ASCR") at the United States Department of Agriculture ("USDA").  Ms. Banks has accumulated over 26 years of exemplary government service, including more than 8 years with USDA.  Ms. Banks resides at 10510 Cascade Place, Silver Spring, MD 20902.  Ms. Banks is African American and female and was born on March 14, 1949.

4. Defendant Ed Schafer is the Secretary of Agriculture, and as such, has ultimate authority over the actions of USDA.

Defendant is sued in his official capacity only. His address is U.S. Department of Agriculture, Whitten Building, Room 200A, 14th & Independence, S.W., Washington, DC 20090-6090.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

6. Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 29 U.S.C. § 626(b).

7. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). The discriminatory and retaliatory acts took place in the District of Columbia.

8. In her first EEO complaint, Ms. Banks timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of discrimination in or around February 2000, within 45 days of her January 29, 2000 demotion from the position of Deputy Director for Civil Rights (Employment) at an SES salary level to the position of Special Assistant at the GS-15 salary level, and the February 15, 2000 Letter of Counseling from Frederick Isler. (Ms. Banks' prior 1999 EEO complaint, which concerned her proposed demotion, was later consolidated by the EEO office with this 2000 EEO complaint). The EEO Counselor notified Ms. Banks of her right to file a formal discrimination complaint on June 21, 2000, which Ms. Banks timely filed. The USDA issued a Final Agency

Decision ("FAD") affirming the EEOC's grant of summary judgment and upholding the demotion on February 5, 2007, which Plaintiff received on February 14, 2007.  Plaintiff filed a timely appeal to the Office of Federal Operations ("OFO") on March 15, 2007. The OFO affirmed the Agency's Decision on July 6, 2007.  Ms. Banks filed her original Complaint on October 5, 2007, within 90 days of her receipt of the OFO's decision on July 11, 2007.

9. In her second EEO complaint, Ms. Banks timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of discrimination and retaliation on December 4, 2006, within 45 days of the removal of her $4,000 performance award resulting from  a change in her performance rating from "Outstanding" to "Fully Satisfactory". The EEO Counselor notified Ms. Banks of her right to file a formal discrimination complaint on March 6, 2007. Ms. Banks timely filed her formal complaint on March 20, 2007.  Plaintiff filed her original Complaint more than 180 days after filing her second formal discrimination complaint.  <u>See</u> 42 U.S.C. § 2000e-16(c).

10. In her third EEO complaint, Ms. Banks timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of discrimination and retaliation on July 27, 2007, within 45 days of the issuance of a Letter of Direction, the denial of her $4,000 performance award resulting from a change in her performance rating from "Outstanding" to

"Fully Satisfactory" for FY 2007, and failure to restore annual leave that was taken from her leave balance. The EEO Counselor notified Ms. Banks of her right to file a formal discrimination complaint by letter dated October 25, 2007, which Ms. Banks received on October 29, 2007. Ms. Banks timely filed her formal complaint on November 13, 2007. Plaintiff files the instant Complaint more than 180 days after her third formal discrimination complaint. See 42 U.S.C. § 2000e-16(c).

11. Ms. Banks amended her third EEO complaint to include an additional claim of discrimination and retaliation based upon her involuntary reassignment and reduction of duties and continued subjection to a hostile work environment. Ms. Banks timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of discrimination and retaliation on December 18, 2007, within 45 days of the forced transfer from her position as the Division Chief for the Employee Complaints Division to a position as the Assistant Secretary for Civil Rights in the Office of Adjudication and Compliance. Ms. Banks confirmed her request that her third EEO complaint be amended by letter dated January 16, 2008. The EEO Counselor notified Ms. Banks that her third EEO complaint had been amended to include the additional claim by letter dated January 31, 2008, which Ms. Banks received on February 4, 2008. The Agency investigation is currently pending. Plaintiff files the instant Complaint more than 180 days after submitting her

request to amend her third EEO complaint.  See 42 U.S.C. § 2000e-16(c).

## FACTS

12. In retaliation for Plaintiff Denise Banks' eight-year struggle to redress racial discrimination through the legal process, Defendant stripped Plaintiff Denise Banks of her supervisory responsibilities on November 7, 2007 and involuntarily reassigned her from her supervisory position as Division Chief for the Office of Adjudication and Compliance to the position of Assistant Secretary for the Office of Adjudication and Compliance. Ms. Banks filed a timely amendment to EEO complaint in response to this de facto demotion on December 18, 2007.

13. Defendant's most recent action against Ms. Banks was the culmination of eight years of discrimination and retaliation that began in 2000 when her supervisors, former OCR Director Rosalind Gray (light-skinned African American female approximately 42 years of age), former USDA Acting Assistant Secretary for Administration Sally Thompson (white female approximately 55 years of age), and former USDA Acting Assistant Secretary for Administration Paul Fiddick (white male approximately 48 years of age) demoted her from her SES position of Deputy Director for Civil Rights (employment) to GS-15, Step 10.

14. Ms. Banks's demotion in the year 2000 was swift retribution for her filing of an EEO complaint against Ms. Gray in 1999 because Ms. Gray had made false and derogatory allegations about Ms. Banks' performance.

15. The same false and derogatory accusations of poor performance served management as a pretext for driving Ms. Banks out of the SES and demoting her to GS-15 Step, Step 10.

16. The pretextual nature of Defendant's false allegations against Ms. Banks is quite clear because despite the fact that management lodged similar allegations of poor performance against her fellow supervisor Jeremy Wu, no action was taken against Mr. Wu.  Mr. Wu is an Asian male with, on information and belief, no prior EEO activity.

17. Ms. Banks' managers then replaced Ms. Banks with Gil Sandati, a Hispanic male, effectively purging the ranks of USDA's SES of an older African American female who had dared to file an EEO complaint.  By doing so, Defendant was further able to increase the homogeneity of an SES that, on information and belief, was predominantly younger, male, and white, and that did not tolerate any assertion of rights protected by the laws against discrimination.

18. USDA's savage response to Ms. Banks' temerity in filing a complaint of discrimination was just beginning. Distraught over her unjustified and retaliatory demotion, Ms. Banks took approximately two weeks of approved sick leave.

Despite the fact that Ms. Banks had 217 hours of sick leave available and an equal amount of annual leave available, Ms. Gray stopped payment of Ms. Banks' salary.

19. No sooner had Ms. Banks returned to work than she found that Deputy Director Frederick Isler had sent her a Letter of Counseling via FedEx to her work address. Mr. Isler's letter stated that he was displeased by the fact that Ms. Banks had called in to the office regarding work-related matters and had not asked to speak with him. Mr. Isler's letter also complained that he did not know where Ms. Banks was, even though Ms. Banks had faxed all her medical documentation supporting her absence to him.

20. In 2000, Ms. Banks filed a second EEO complaint against the officials named in paragraphs 13 and 19, concerning (1) her removal from SES, (2) demotion to the level of GS-15, Step 10, with pay retention, (3) Letter of Counseling from Mr. Isler, and (4) salary loss during her sick leave period. Ms. Banks' 1999 complaint in response to the original proposal that she be demoted was consolidated with her 2000 complaint.

21. Mr. Isler became Ms. Banks' new first-line supervisor as a result of the discriminatory demotion.

22. From the year 2000 through October 2004, Ms. Banks earned exemplary performance reviews. Mr. Isler issued Ms. Banks several ratings of "outstanding". Ms. Banks was temporarily recruited into David Winningham's office, and

received exemplary performance reviews from Mr. Winningham as well, further demonstrating the pretextual nature of Defendant's earlier false allegations of poor performance.

23. Notwithstanding the demotion, from the year 2000 through October 2004, Ms. Banks distinguished herself through stellar performance, extensive knowledge, professionalism and management ability. Ms. Banks earned Performance Review ratings of "Outstanding" for nearly every evaluation period. Ms. Banks earned monetary Performance Awards each and every year for her high-quality work.

24. However, Sadhna G. True (Asian female, age approximately forty (40) years) became the Director for Civil Rights and Employment at the USDA and Ms. Banks' second line supervisor in August 2004. The environment within the USDA Civil Rights and Employment Division changed dramatically for the worse after Ms. True's arrival.

25. Beginning in 2004, Ms. True targeted African American employees, especially females, at or near 55 years of age for removal from the Division. She used a variety of coercive tactics against many such employees, including Ms. Banks, in order to force them into early retirement, departure or resignation.

26. Ms. True created and fostered an extremely hostile work environment for any Division employees in the targeted group. Ms. True openly berated the targeted employees and

lodged numerous false accusations against them pertaining to their work and their personal characters. A flood of EEO complaints ensued.

27. As an employee with a stellar career record, a high-level of credibility, and extensive experience supervising and observing subordinates, Ms. Banks was called upon to provide testimony and affidavits on behalf of numerous employees suffering from the planned race, sex, and age discrimination.

28. In March 2005, Ms. Banks submitted an affidavit on behalf of former Team Leader of the Programs Intake Unit in the Programs Directorate, Lorna Lewis, in her EEO complaint against management officials, including Ms. True.

29. In May 2005, Ms. Banks submitted an affidavit on behalf of former Adjudicator in the Employment Adjudication Division, Lola Hatcher-Capers, in her EEO claim against management officials, including Ms. True.

30. In November 2005, Ms. Banks submitted an affidavit on behalf of Disability Compliance Officer for the Equal Opportunity and Compliance Division, Jean Mahoney, who had filed an EEO complaint against management officials, including Ms. True. Ironically, Ms. Mahoney's claim involved a failure to accommodate her physical disability (paraplegia resulting from Polio).

31. In or around November 2006, Ms. Banks submitted an affidavit on behalf of Adjudicator in Complaints Adjudication

Division, Gayle Petersen, in her EEO complaint and/or her defense against management officials, including Ms. True.

32. In or around January 2007, Ms. Banks submitted an affidavit on behalf of Computer Specialist in the Tracking Analysis and Applications Division, Nossie Robinson, in her EEO complaint against management officials, including Ms. True.

33. In September 2007, Ms. Banks provided deposition testimony on behalf of former Program and Management Analyst in the Employment Complaints Division, Mary Cortez, in her EEO Age Discrimination complaint against management officials, including Ms. True.

34. As recently as September 17, 2007, Ms. Banks provided an affidavit on behalf of EEO Specialist in the Employment Complaints Division, Debbie Allen, in her EEO complaint against management officials, including Ms. True.

35. Ms. True decided to take action against Ms. Banks (1) because she was in the targeted group and (2) because she repeatedly opposed Agency discrimination by supporting fellow employees in their EEO complaints against Ms. True and other managers.

36. In October 2005, Ms. True denied Ms. Banks an annual performance award by directing Ms. Banks' new first-line supervisor Dr. Constance Bails to reduce Ms. Banks' performance appraisal from "Outstanding" to "Excellent" and only "Fully Satisfactory" in the area of Communications.

37. Dr. Bails informed Ms. Banks that she had initially issued Ms. Banks an overall rating of "Outstanding", but that Ms. True had instructed Dr. Bails to change the rating to "Excellent". According to established practices and procedures, the rating of "Excellent" did not entitle Ms. Banks to any Performance Award.

38. Ms. Banks later spent a significant portion of her working hours editing and revising the written products of employees rated "Excellent" in the area of Communications.

39. Moreover, Ms. True included "EEOC Hearings" as one of Ms. Banks' major work elements and rated her for this element. However, Ms. True was well aware that Ms. Banks was not responsible for work related to EEOC Hearings.

40. Based on Ms. Banks' 2005 rating, she did not receive a $4,000 Performance Award for the year 2005, contrary to every previous year since the beginning of her employment with the USDA. On information and belief, Ms. Bank's fellow Division Chiefs, who are predominantly white, male, and younger than Ms. Banks, received performance awards.

41. Ms. Banks submitted a Request for Reconsideration of her 2005 evaluation to Ms. True. In November 2006, Dr. Bails informed Ms. Banks that Ms. True had denied her request.

42. In addition to discriminatorily denying Ms. Banks her annual Performance Awards, Ms. True discriminatorily denied Ms. Banks numerous spot awards beginning in or around April 2005.

Ms. Banks should have received several such awards for submitting ideas and recommendations to improve OCR's business operations and complaints processing. Frequently, Ms. True accepted Ms. Banks' insightful recommendations and implemented her ideas throughout OCR. However, Ms. True publicly attributed Ms. Banks' recommendations to younger employees and assigned the associated projects to younger managers, such as her subordinate Branch Chief, Michele Eiland. Ms. True then gave the aforementioned younger employees and managers monetary Spot Awards for Ms. Banks' efforts.

43. Along with the discriminatory denials, Ms. True made numerous derogatory and discriminatory remarks to and about Ms. Banks.

44. In early October 2006, Dr. Bails conducted Ms. Banks' Performance Review for the year 2006. Dr. Bails again issued Ms. Banks a rating of "Outstanding", which entitled her to receive a $4,000 Performance Award for the year 2006.

45. On October 27, 2006, however, Dr. Bails informed Ms. Banks that Ms. True had once more forced her to again change Ms. Banks' 2006 performance rating from "Outstanding" to "Excellent", and to rate Ms. Banks no better than "Fully Successful" in the area of Communications. Based on Ms. True's action, Ms. Banks again lost her Performance Award for the year 2006. On information and belief, Ms. Bank's fellow Division

Chiefs, who are predominantly white, male, and younger than Ms. Banks, received performance awards.

46. Ms. Banks filed an EEO Complaint in late 2006 concerning the discriminatory denial of Performance Ratings and Performance Awards she had rightly earned.

47. Ms. True conducted Ms. Banks' performance review in or around July 2007. Ms. True issued Ms. Banks an overall rating of "Fully Successful". As a result, Ms. Banks was ineligible for a Performance Award in 2007. On information and belief, Ms. Bank's fellow Division Chiefs, who are predominantly white, male, and younger than Ms. Banks, received performance awards. At this time, Ms. True also issued new, discriminatory performance standards to Ms. Banks.

48. On July 20, 2007, Ms. True sent an E-mail message to Ms. Banks. The message contained a Letter of Direction that commanded Ms. Banks to perform a series of time-consuming and onerous tasks over the upcoming weeks. Ms. True's letter stated that failure to complete any one of the tasks could subject her to termination. Ms. True's E-mail message also included Ms. Banks' FY 2007 Performance Appraisal, in which Ms. True had issued Ms. Banks a performance rating of "Fully Successful".

49. From July 20, 2007 through November 7, 2007, Ms. Banks was subjected to the Letter of Direction's rigorous requirements. Ms. Banks was required to work extremely long hours to meet all the requirements contained in the Letter of

14

Direction, in addition to the time she needed to spend completing her duties. Ms. Banks was obligated to work until 11:00 p.m. or later nearly every weeknight. Because of the LOD's frequent Friday deadlines, Ms. Banks often worked on Friday evenings until 2:00 a.m. Ms. Banks was also required to work all night on a number of Thursday evenings to meet Friday deadlines, meaning that she would begin work on Thursday morning and leave at a late hour on Friday night. Moreover, Ms. Banks was frequently required to work for eight to ten hours on Saturdays and Sundays.

50. In addition, Ms. Banks had reported the unauthorized removal of annual leave hours from her leave bank to Ms. True in or around January 2007. Ms. True assured Ms. Banks that she would have the missing leave restored. Upon information and belief, Ms. True indicated that such leave would be restored by July 2007. However, the annual leave was not restored.

51. On July 27, 2007, Ms. Banks initiated a new claim of intentional discrimination based on age, race, sex, and retaliation concerning the discriminatory and retaliatory Letter of Direction, denial of Performance Ratings and Performance Awards, failure to restore annual leave, and failure to permit her to use her training allotment.

52. As of the date of this filing, on information and belief, the Agency's discriminatory conduct has driven at least twenty-five (25) employees out of the Employee Complaints

Division, through forced transfers, retirements and constructive discharges.  The Division, which had approximately thirty-five (35) employees in 2004, now has only approximately ten (10) employees.  The workload remains the same.

## CAUSES OF ACTION

### Count I

53. Based upon the facts described in the preceding paragraphs, Defendant unlawfully retaliated against Plaintiff Denise A. Banks on the basis of her prior protected activities by twice demoting Plaintiff, failing to restore Plaintiff's leave, denying her leave, issuing a Letter of Direction, issuing discriminatory performance standards, requiring her to work longer hours than similarly situated employees, denying her training, lowering her performance appraisal, and denying Plaintiff her Performance Awards,  in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

### Count II

54. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Denise A. Banks on the basis of race (African American) by twice demoting Plaintiff, denying her leave, and denying Plaintiff her Performance Awards in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

### Count III

55. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Denise A. Banks on the basis of sex (female) by twice demoting Plaintiff, denying her leave, and denying Plaintiff her Performance Awards in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

### Count IV

56. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Denise A. Banks on the basis of age (dob: 3/14/49) by twice demoting Plaintiff, denying her leave, and denying Plaintiff her Performance Awards in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. § 621, 633a et seq.

### Count V

57. Based on the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Denise A. Banks on the basis of race, color, sex, age, and prior EEO activity when it subjected her to a hostile work environment from 2004 to the present.

### **RELIEF REQUESTED**

58. Plaintiff requests all remedies available under Title VII of the Civil Rights Act of 1964, the Age Discrimination in

Employment Act, and any other applicable discrimination laws including but not limited to the following relief:

   a. Immediate reinstatement of Plaintiff to the SES position of Director for the Employee Complaints Division, Office of Civil Rights in the USDA, or an agreeable equivalent position, with the appointment being retroactive to the earliest date that discrimination is found;

   b. Full back pay, with interest, and back benefits from the date of Plaintiff's demotion to the date of judgment;

   c. Maximum compensatory damages to which Plaintiff is entitled after proof at trial;

   d. Restoration of any and all leave to which Plaintiff is entitled;

   e. Appropriate record correction consistent with the facts of this case and the above-requested relief;

   f. Posting of notices at USDA's Washington, D.C. headquarters stating that discrimination has occurred and is unlawful.

   g. The reasonable attorney fees at prevailing market (<u>Laffey</u>) rates, costs, and expenses of this action; and

      h.    Such other relief as the Court deems just and appropriate.

## JURY TRIAL

Plaintiff requests a trial by jury on all issues that are triable by jury.

```
                              /s/Charles W. Day, Jr.
                              JOSEPH D. GEBHARDT
                                  (DC Bar No. 113894)
                              CHARLES W. DAY, JR.
                                  (DC Bar No. 459820)
                              GEBHARDT & ASSOCIATES, LLP
                              1101 17th Street, N.W.
                              Suite 807
                              Washington, DC 20036-4716
                              (202) 496-0400

August 22, 2008               Attorneys for Plaintiff
```