UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
DENISE A. BANKS,               )
                               )
          Plaintiff,           )
                               )
          v.                   )    Civil Action No. 07-1807 (RWR)
                               )
TOM VILSACK,                   )
                               )
          Defendant.           )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Denise A. Banks brings this action against the Secretary of the United States Department of Agriculture ("USDA") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., alleging that while employed at the USDA she was discriminatorily removed from the Senior Executive Service ("SES") because of her race and sex.  Banks moves in limine to preclude the USDA from calling a number of witnesses and introducing certain exhibits at trial arguing that the evidence is irrelevant.  Because some of the challenged evidence may be relevant to Banks's damages claim, but the USDA has not shown that the other challenged evidence is relevant, Banks's motion will be granted in part and denied in part.

### BACKGROUND

The background of this case is discussed more fully in Banks v. Vilsack, Civil Action No. 07-1807 (RWR), 2013 WL 1208560 (D.D.C. Mar. 26, 2013).  Banks, an African-American woman, "began

-2-

working at the USDA in February 1999 as the Deputy Director for

Civil Rights (Employment) at the SES level." Id. at *1. "Banks

was supervised by Rosalind Gray." Id.

> Banks was subject to a one-year probationary period
> when she was appointed as the Deputy Director.  Her
> November 1999 performance appraisal for the
> probationary period stated that she did not meet
> several critical elements of her position and that her
> overall performance was rated as "unsatisfactory."  As
> a result of her poor performance rating, Gray
> recommended that Banks be terminated.  Notwithstanding
> Gray's recommendation, Assistant Secretary for
> Administration, Paul Fiddick, removed Banks from the
> SES position in January 2000 but reassigned her to a
> GS-15 position, Special Assistant to the Deputy
> Director for Programs in the Office of Civil Rights.

Id. (internal citations omitted).

After being demoted from the SES, Banks continued to work at

the USDA in a management position where she supervised others

including Michele Eiland.  See Joint Pretrial Stmt. ("JPS") at

18-19.

> From 2000 to 2004, Banks received overall
> performance ratings of "outstanding" on her performance
> appraisals. . . .  In August 2004, Sadhna True became
> the Director for Civil Rights and Employment at the
> USDA.  In that capacity, True became Banks's second
> line supervisor.  In 2005, Banks received the lower
> performance rating of "Superior"; in 2006 and 2007, she
> received the even lower rating of "Fully Successful."
> . . .
> In November 2007, Michael Watts, the acting
> Director for Civil Rights, reassigned Banks from her
> Division Chief position to the position of special
> assistant to the acting Director for Civil Rights.

Banks, 2013 WL 1208560, at *2 (internal citations omitted).

Banks alleges that she "became so depressed over Ms. True's

hostile treatment that she had to be hospitalized" in 2008.  JPS
at 7.

    Banks brings this action against the USDA alleging that the
agency discriminated against her on the basis of race and sex by
removing her from the SES in 2000.[1]  Banks seeks compensatory
damages for "emotional distress, pain and suffering, loss of
enjoyment of life, damage to reputation, and other losses."  Id.
at 25.  She also seeks reinstatement to the SES with full back
pay and benefits.  Id.

    Banks now moves in limine to exclude some of the USDA's
proposed witnesses and exhibits under Federal Rule of Evidence
402 arguing that the evidence is irrelevant or inadmissible under
Rule 403.  Pl.'s Supplemental Objections to Witnesses & Exs.
("Pl.'s Supplemental Objections") at 1.  Specifically, she seeks
to preclude (1) testimony from True; (2) testimony from Constance
Bails; (3) testimony to from Watts;  (4) testimony from Eiland;
(5) e-mails to or from True; (6) an e-mail from Bails; (7) e-

---

[1] Banks filed a five-count amended complaint against the
USDA alleging that it discriminated and retaliated against her on
the basis of race, sex, and age.  Banks, 2013 WL 1208560, at *2.
"Summary judgment [was] entered for the USDA on Banks's
claims . . . that the USDA retaliatorily removed her from the
SES, issued her a letter of direction, and lowered her
performance rating in 2005," and on Banks's claim that she was
subjected to a hostile work environment because of her race,
color, sex, age, and prior EEO activity.  Id. at *6.  On the eve
of trial, Banks filed a motion to amend her complaint to include
only her claims that she was discriminated against on the basis
of race and sex when she was removed from the SES in 2000.  On
June 17, 2013, Banks's motion to amend her complaint was granted.

-4-

mails to or from Watts; (8) an e-mail from Eiland; (9) Banks's Performance Appraisals in 2006 and 2007; (10) exhibits regarding Banks retaining copies of certain documents; and (11) the 2007 Letter of Direction.[2]

The USDA counters "that the Court should defer its ruling on this evidence until trial." Def.'s Mem. of P. & A. in Opp'n to Pl.'s Supplemental Objections ("Def.'s Opp'n") at 2. The USDA further argues that the "witnesses and exhibits which Plaintiff seeks to exclude are relevant to Defendant's defense concerning Plaintiff's job performance, and may be relevant on a number of issues and for a number of purposes." Id. at 1.

## DISCUSSION

"While neither the Federal Rules of Civil Procedure nor the Federal Rules of [E]vidence expressly provide for motions *in limine*, the Court may allow such motions 'pursuant to the district court's inherent authority to manage the course of trials.'" Barnes v. District of Columbia, Civil Action No. 06-315 (RCL), 2013 WL 541148, at *1 (D.D.C. Feb. 14, 2013) (quoting Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). "[T]rial judges are afforded broad discretion in rendering evidentiary rulings, a discretion which extends to assessing the probative value of the proffered evidence and weighing any factors against admissibility." Graves v. District of Columbia, 850 F. Supp. 2d

---

[2] Banks also has withdrawn as irrelevant her own witnesses Judy Calvin and Rhonda Davis and Exhibits 41-45 and 47-49.

6, 11 (D.D.C. 2011) (citing <u>Sprint/United Mgmt. Co. v.</u>
<u>Mendelsohn</u>, 552 U.S. 379, 384 (2008)).  "'In some instances it is
best to defer rulings until trial, when decisions can be better
informed by the context, foundation, and relevance of the
contested evidence within the framework of the trial as a
whole.'"  <u>Herbert v. Architect of the Capitol</u>, Civil Action No.
09-1719 (CKK), 2013 WL 384819, at *2 (D.D.C. Jan. 31, 2013)
(quoting <u>Casares v. Bernal</u>, 790 F. Supp. 2d 769, 775 (N.D. Ill.
2011)).  However, it is within a trial judge's discretion to
decide "whether a motion *in limine* presents an evidentiary issue
that is appropriate for ruling in advance of trial." <u>Graves</u>, 850
F. Supp. 2d at 11 (citing <u>United States v. Valencia</u>, 826 F.2d
169, 172 (2d Cir. 1987)).

Federal Rule of Evidence 401 provides that "[e]vidence is
relevant if: (a) it has any tendency to make a fact more or less
probable than it would be without the evidence; and (b) the fact
is of consequence in determining the action." Fed. R. Evid. 401.
"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  The
proponent of the evidence bears the burden of establishing that
the evidence is relevant.  <u>See</u> <u>Dowling v. United States</u>, 493 U.S.
342, 351 n.3 (1990).  Even if the evidence is relevant, the court
may still exclude it "if its probative value is substantially
outweighed by a danger of one or more of the following: unfair
prejudice, confusing the issues, misleading the jury, undue

-6-

delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Banks moves to exclude certain evidence arguing that it is irrelevant to Banks's claims that she was discriminated against on the basis of race and sex by being demoted from the SES in 2000.  She contends that this evidence pertains to events that "are too remote in both time and causation to have any probative value under Rule 401."  Pl.'s Supplemental Objections at 1.  In the interest of conducting an efficient jury trial and preventing the jury from hearing inadmissible evidence, Fed. R. Evid. 103(d), Banks's motion will be decided pretrial.

The USDA argues that the challenged witnesses and exhibits are relevant for three reasons.[3]  First, the USDA argues that the evidence may be relevant to Banks's damages claim.  The USDA argues that Watts's and Eiland's testimony is relevant to whether the USDA harmed Banks's professional reputation and career because both Watts and Eiland "have worked at the USDA and in the civil rights community for years" with Banks.  Def.'s Opp'n at 4-5.[4]  Banks counters that Watts and Eiland do not have any knowledge about her professional reputation and career during the

---

[3] The USDA does not individually address every piece of evidence that Banks challenges.  Instead, the USDA argues generally that the challenged evidence is admissible.

[4] The USDA does not argue that the challenged e-mails from Watts and Eiland are likewise relevant to Banks's damages claim.

-7-

relevant time period.[5]  However, Banks concedes that if the USDA

establishes that Watts and Eiland have a foundation to testify

about these issues, their testimony would be admissible.  See

Pl.'s Reply to Def.'s Opp'n to Pl's Supplemental Objections

("Pl.'s Reply") at 4.  To the extent that Watts and Eiland offer

testimony relevant to Banks's claim for damages for harm caused

to her professional reputation and career during the period for

which she alleges the harm, they may testify as to these issues

assuming that their testimony is not otherwise inadmissible.

Thus, Banks's motion to exclude Watts's and Eiland's testimony

regarding Banks's professional reputation and career will be

denied without prejudice.

The USDA also argues that if Banks testifies that she is

entitled to damages because she was hospitalized in 2008,

"Plaintiff's claim concerning Ms. True and any testimony or

evidence related thereto" would be relevant to impeach Banks's

testimony.  Def.'s Opp'n at 4.  The USDA does not specify what

evidence would be relevant or carry its burden of justifying how

that evidence is relevant to impeach Banks.  However, in her

reply, Banks concedes that if she testifies that her health

issues in 2008 were caused by her demotion from the SES in 2000,

the USDA can offer True's testimony.  Pl.'s Reply at 2.  Thus, if

---

[5] Banks has not made clear for what period of time she is
seeking damages or whether she is seeking damages for harm caused
to her professional reputation within the USDA, outside the USDA,
or both.

-8-

Banks offers evidence that her health issues in 2008 were caused by her demotion in 2000, the USDA may offer relevant evidence to impeach Banks's testimony including True's testimony. Accordingly, Banks's motion to exclude True's testimony will be denied without prejudice.

Second, the USDA argues that the challenged evidence is relevant to whether Banks should be reinstated.  However, the USDA has not met its burden to show how the challenged evidence is relevant to whether Banks should be reinstated.  "[A] district court 'has broad discretion to fashion appropriate equitable relief for a Title VII plaintiff' including, but not limited to, reinstatement[.]"  Webb v. District of Columbia, 146 F.3d 964, 976 (D.C. Cir. 1998) (quoting Castle v. Rubin, 78 F.3d 654, 657 (D.C. Cir. 1996)).  However, it is an abuse of discretion for the district court to reinstate a Title VII plaintiff who prevails on the merits "without any consideration of evidence that suggested that reinstatement may not have been an appropriate remedy."  Id. For instance, the district court may consider "evidence of extreme animosity between the plaintiff and the defendant employer," id. at 977 (internal quotation marks omitted), evidence that the employer is genuinely dissatisfied with the plaintiff's job performance, id., and the impact that reinstatement would have on a displaced employee, see Lander v. Lujan, 888 F.2d 153, 157 (D.C. Cir. 1989).  While evidence that pertains to whether Banks should be reinstated would be relevant,

-9-

the USDA has not shown how the challenged evidence "has any

tendency to make a fact more or less probable than it would be

without the evidence." See Fed. R. Evid. 401.  Instead, the USDA

states only that "evidence concerning [Banks's] performance after

her removal is both important to and relevant for the Court's

decision on whether to grant" Banks's request to be reinstated to

the SES.  Def.'s Opp'n at 4.  Although relevance is a "low

hurdle," United States v. Yunis, 867 F.2d 617, 623 (D.C. Cir.

1989), this conclusory allegation does not cross it.

In any event, the court, not the jury, would decide whether

Banks is entitled to equitable relief, such as reinstatement.

See 42 U.S.C. § 2000e-5(g)(1).  Thus, even if the evidence is

relevant to whether Banks should be reinstated, this is not an

issue for the jury to decide and admitting the evidence before

the jury may cause undue delay, confuse the issues, or mislead

the jury.  Accordingly, this evidence will be excluded under Rule

403.

Finally, the USDA argues that the challenged witnesses'

testimony is admissible under Federal Rule of Evidence 608.  Rule

608 provides that

> [a] witness's credibility may be attacked or supported
> by testimony about the witness's reputation for having
> a character for truthfulness or untruthfulness, or by
> testimony in the form of an opinion about that
> character.  But evidence of truthful character is
> admissible only after the witness's character for
> truthfulness has been attacked.

Fed. R. Evid. 608(a).

-10-

> In order to offer reputation evidence under Fed. R.
> Evid. 608(a), a party must establish that the character
> witness is qualified by having an "acquaintance with
> the witness," his "community," and "the circles in
> which he has moved, as to speak with authority of the
> terms in which generally the witness is regarded."

United States v. Whitmore, 359 F.3d 609, 616 (D.C. Cir. 2004)

(quoting Michelson v. United States, 335 U.S. 469, 478 (1948)).

"[T]he foundational requirement for *opinion* evidence regarding a

witness's character for truthfulness is less stringent than that

for *reputation* evidence[.]"  Id. at 617.

> Reputation testimony . . . need not be derived from the
> witness's residential community and a character witness
> need not physically reside in that community. . . .  A
> witness's opinion testimony must be based on underlying
> facts that demonstrate that the opinion is rationally
> based on the first-hand perception of the witness and
> would be helpful to the jury in evaluating the
> subject's truthfulness.

United States v. McCallum, 885 F. Supp. 2d 105, 119 (D.D.C. 2012)

(internal citation omitted) (citing Whitmore, 359 F.3d at 617

n.3, 618).  "[E]vidence offered under [608(a)] is subject to

discretionary exclusion under Rule 403."  28 Charles Alan Wright

& Victor J. Gold, Federal Practice and Procedure § 6114 (2d ed.

2012); see also Whitmore, 359 F.3d at 618 (holding that the

district court did not abuse its discretion by excluding opinion

and reputation evidence attacking the credibility of a witness

under Rules 608(a) and 403).

Here, the USDA has not carried its burden of demonstrating

that any of its witnesses meet the foundational requirements for

opinion and reputation testimony concerning another's character

-11-

for truthfulness and that such testimony is not otherwise inadmissible under Rule 403.  Nor has the USDA demonstrated that it will need to rehabilitate any proposed witness by eliciting testimony about that witness's character for truthfulness.  Thus, the USDA has not shown that any of its challenged witnesses will provide testimony admissible under Rule 608(a).

<u>CONCLUSION AND ORDER</u>

Watts and Eiland may offer testimony relevant to Banks's claim for damages for harm to her professional reputation and career.  If Banks argues that her health issues in 2008 were due to her demotion from the SES, then the USDA may offer testimony from True to impeach Banks's testimony.  The USDA has not shown that the other challenged testimony and exhibits are admissible. Accordingly, it is hereby

ORDERED that Banks's motion [80] in limine be, and hereby is, GRANTED IN PART and DENIED IN PART without prejudice. Testimony from Bails, e-mails to or from True (Defendant's Exhibits 16, 18, 21-25, 27-28, 31, 33-35, 42, 44-45, 53, and 57), an e-mail from Bails (Defendant's Exhibit 19), e-mails to or from Watts (Defendant's Exhibits 32, 41, 51-52, 58, 60), an e-mail from Eiland (Defendant's Exhibit 17), Banks's Performance Appraisals from 2006 and 2007 (Defendant's Exhibits 20, 64), exhibits regarding Banks retaining copies of certain documents (Defendant's Exhibits 36-40), and the 2007 Letter of Direction (Defendant's Exhibit 50) are precluded.  Banks's request to

-12-

preclude testimony from Watts, Eiland, and True is denied without

prejudice.

SIGNED this 31st day of July, 2013.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge