UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENISE A. BANKS,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civil Action No. 07-1807 (RWR) |
| **TOM VILSACK,** | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM ORDER

    Plaintiff Denise A. Banks filed a five-count amended complaint against the Secretary of the United States Department of Agriculture ("USDA") alleging that she was discriminated and retaliated against on the basis of race, sex, and age on a number of occasions.  In anticipation of trial, the parties filed on May 28, 2013 their pretrial materials, including their schedules of witnesses to be called and their lists of exhibits to be offered at trial.  Later, on the eve of trial, Banks filed a motion to amend her complaint to include only her claims that she was discriminated against on the basis of race and sex when she was removed from the Senior Executive Service ("SES") in 2000. She also moved in limine to preclude the USDA from calling a number of witnesses and introducing certain exhibits at trial arguing that the evidence was not relevant to her remaining claims.  On June 17, 2013, Banks's motion to amend her complaint was granted and the trial was reset for August 13, 2013.  A

-2-

July 31, 2013 Memorandum Opinion and Order granted in part and denied in part Banks's motion in limine and precluded the USDA from introducing several witnesses and introducing certain exhibits at trial.

On August 5, 2013, the USDA filed a revised pretrial statement "to apprise the Court of its intended presentation at trial to reflect the narrower issues now set to be tried in accordance with the rulings of the Court at the pretrial conference held on June 10, 2013," Def.'s Revised Pretrial Stmt. at 1-2,

> the Court's Memorandum Opinion and Order of July 31, 2013, and the Court's order granting Plaintiff's request to limit a trial in this action to her claim that USDA discriminated against her based on her race and gender when it removed her from the Senior Executive Service in early-2000 and assigned her to a GS-15 position[.]

Def.'s Notice of Future Filing. The USDA's revised pretrial statement includes two witnesses -- Charles Rawls and Gail Booker Jones -- and eight exhibits not included in its May 28 pretrial materials.

Banks moves to strike the revised pretrial statement arguing that the statement is untimely and that the USDA should be precluded from calling the new witnesses and introducing the new exhibits. The USDA opposes.

Federal Rule of Civil Procedure 26(a)(3) requires that a party make certain pretrial disclosures to other parties including "the name and, if not previously provided, the address

-3-

and telephone number of each witness -- separately identifying those the party expects to present and those it may call if the need arises" and "an identification of each document or other exhibit, including summaries of other evidence -- separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(A).[1]  A party must make these mandatory disclosures "at least 30 days before trial" "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(B).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).  Thus, "[t]his restriction . . . would not bar an unlisted witness if the need for such testimony is based upon developments during trial that could not reasonably have been anticipated -- e.g., a change of testimony." Fed. R. Civ. P. 26 Advisory Committee's notes.  Similarly, "the court can permit use of unlisted documents the need for which could not reasonably have been anticipated in advance of trial." Id. "Rule 37(c)(1) is a self-executing sanction[.]" Norden v. Samper, 544 F. Supp. 2d 43, 49 (D.D.C. 2008) (internal quotation

---

[1] Similarly, Local Civil Rule 16.5 requires parties to submit a pretrial statement, which includes "a schedule of witnesses to be called by the party" and "a list of exhibits to be offered in evidence by the party." LCvR 16.5(b)(1).

marks omitted). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994); see also Elion v. Jackson, 544 F. Supp. 2d 1, 6 (D.D.C. 2008).

Here, it is undisputed that the USDA did not disclose Rawls and Jones and the eight new exhibits in their May 28 pretrial disclosures. Thus, the USDA must show that its omissions were substantially justified or are harmless.

The USDA has not shown that its failure to identify Rawls and Jones as potential witnesses or to list its new exhibits in its May 28 pretrial statement was substantially justified. The USDA asserts that it revised its pretrial statement because Banks decided to limit her case to her claim that the USDA discriminated against her by terminating her from the SES and because the July 31 order limited the evidence the USDA can present at trial. However, the USDA has not shown that Banks's narrowed complaint injected any new and unanticipated subject matter in this case or that some other unforeseeable development, such as factually changed testimony, substantially justifies the USDA's failure to previously disclose its new evidence. Thus, the USDA has not shown that its omission in its May 28 pretrial materials was substantially justified.

Likewise, the USDA has not demonstrated that its failure to identify previously the witnesses and exhibits is harmless. The

-5-

USDA contends that Rawls and Jones were named in the administrative record to which the USDA referred in response to Banks's interrogatory seeking the names of every person with knowledge of the issues raised in the complaint, and that its new proposed exhibits were taken from that administrative record. Def.'s Opp'n to Pl.'s Mot. to Strike Def.'s Revised Pretrial Stmt. ("Def.'s Opp'n") at 6-7.  That did not relieve the USDA of its obligation to specifically identify these potential witnesses and exhibits in its May 28 filing, and the USDA has not shown that identifying this evidence days before trial will not harm Banks by not allowing her sufficient time to prepare to meet these new exhibits and this new testimony at trial.  See United States ex rel. Purcell v. MWI Corp., 520 F. Supp. 2d 158, 168 (D.D.C. 2007).[2]

Because Rule 37(c)(1) bars the newly listed witnesses and exhibits, it is hereby

ORDERED that Banks's motion [92] in strike be, and hereby is, GRANTED IN PART and DENIED IN PART.  Testimony from Rawls and Jones and Defendant's Exhibits 70-77 are precluded.  Banks's motion is otherwise denied.

---

[2] Banks also moves to strike the USDA's new proposed jury instruction.  However, as Federal Rule of Civil Procedure 26(a)(3) does not require the parties to disclose their proposed jury instructions, Rule 37(c)(1) does not bar undisclosed proposed jury instructions.  Banks has not otherwise shown that the instruction should be barred, and her request will be denied.

SIGNED this 8th day of August, 2013.

                                           /s/
                                   RICHARD W. ROBERTS
                                   Chief Judge