UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE A. BANKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-cv-01807 (APM) |
| SONNY PERDUE, U.S. Secretary of Agriculture, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

I.

In this case, the court ruled that Plaintiff Denise Banks is entitled to reinstatement as a remedy after a jury found that, in January 2000, she was demoted from the Senior Executive Service ("SES") due to sex discrimination. *See Banks v. Perdue*, 298 F. Supp. 3d 94, 101, 113–14 (D.D.C. 2018). Since that decision, the parties have tried, but ultimately failed, to reach agreement as to how to carry out the court's reinstatement order. Defendant U.S. Secretary of Agriculture has assigned Plaintiff to the SES-qualified position of Deputy Director for Civil Rights Operations, which he contends is comparable to the position Plaintiff occupied before her demotion. *See* Def.'s Mot. to Resolve Dispute Concerning Equitable Relief, ECF No. 195 [hereinafter Def.'s Mot.]; Def.'s Suppl. Br. in Support of Def.'s Mot., ECF No. 198, at 2. Plaintiff, on the other hand, disputes that the Deputy Director position is comparable to the one she had some 19 years ago. *See* Pl.'s Opp'n to Def.'s Mot., ECF No. 202 [hereinafter Pl.'s Opp'n], at 4–7. She contends that the new position occupies a lower rung in the agency hierarchy and involves

reduced supervisory authority and lesser responsibilities than her former position. *See id.* at 5–7. Plaintiff asks the court to find not only that her present assignment is an inadequate reinstatement remedy, but to order Defendant to place her into a different position, Deputy Director for the Center for Civil Rights Enforcement, which she deems comparable. *See id.* at 7. Alternatively, Plaintiff asserts that, if the court declines to grant her preferred position, she be allowed to elect front pay over reinstatement as a remedy. *See id.* at 10.

Thus, what remains of this 11-year-old case is for the court to decide whether the position to which Defendant has assigned Plaintiff is comparable to the one from which she was discriminatorily demoted in 2000. The court finds that the assigned position is comparable. If Plaintiff declines to work in the capacity, she will not be entitled to front pay as an alternative remedy.

## II.

To begin, the court quickly disposes of Plaintiff's demand for placement as the Deputy Executive Director for the Center for Civil Rights Enforcement. The court rejects that request for the simple reason that Plaintiff's preferred job is not an SES-designated position. *See* Def.'s Reply in Support of Def.'s Mot., ECF No. 204, at 3 (citing Second Suppl. Decl. of Shawn S. McGruder, ECF No. 204-1 [hereinafter 2d McGruder Decl.], ¶ 3). Therefore, even if the court could assign Plaintiff to a specific position—a question the court need not address—the job that Plaintiff desires would not implement the reinstatement remedy. Accordingly, the court will not grant Plaintiff her requested relief.

## III.

The court now turns to the issue of whether Plaintiff's present position satisfies the reinstatement remedy. The parties agree that the applicable standard in evaluating the

comparability of her present and past assignments is whether the positions are "roughly equivalent in pay, benefits, status, and responsibility." Def.'s Mot. at 6 (quoting *McVeigh v. Cohen*, 996 F. Supp. 59, 61 (D.D.C. 1998); Pl.'s Opp'n at 2 (agreeing that *McVeigh* supplies the applicable standard). Plaintiff does not challenge the equivalency of her pay and benefits. *See* Pl.'s Opp'n at 4–7. Rather, she insists that the Deputy Director for Civil Rights Operations involves a lower status and lesser responsibilities than her prior position as Deputy Director of Civil Rights (Employment). *See id.* Plaintiff's argument, however, is premised on a more exacting standard than the one she concedes applies. She is not entitled to the *same* position, only a "roughly equivalent" one. *McVeigh*, 996 F. Supp. at 61. The Deputy Director for Civil Rights Operations satisfies that standard.

Plaintiff complains that in the new position, she "falls at a lower level in the chain of command." Pl.'s Opp'n at 4. Plaintiff asserts that before she reported to the head of the Office of Civil Rights, "a Senate-confirmed political" position, whereas now she "reports to one of two Executive Directors two levels down from the head of the Office." *Id.* at 5. But the "rough" equivalence of Plaintiff's new position to her previous one is evident when, as Defendant explains, it is viewed in the context of a recent agency reorganization. For starters, as Defendant points out, Plaintiff is mistaken that her previous supervisor, Rosalind Gray, was a "Senate-confirmed political appointee." *See* Def.'s Reply at 6, 8. Gray was a non-career SES member and political appointee, but was not Senate confirmed. *See id.* at 8. Moreover, although Plaintiff is now one more step removed from the Secretary than before, that is due to a reorganization that added "Secretarial level positions to oversee all civil rights activities" of the agency. *Id.* at 8. As Defendant explains in detail, Plaintiff is effectively in the same level as before, reporting directly

3

to an administrator that oversees the agency's civil rights function. Thus, Plaintiff's new status is, at least, "roughly" equivalent to her previous one.

As for her responsibilities, Plaintiff maintains that she now has less supervisory authority and reduced duties as compared to in her prior position. *See* Pl.'s Opp'n at 5–6. Not so. Although Plaintiff directly and indirectly supervises fewer employees than before (60 versus 17, by her account), *see id.* at 5–6; Pl.'s Opp'n, Ex. 1, Declaration of Denise Banks, ECF No. 202-1, at 2, in her new role she now has oversight and coordination responsibilities over seven "Mission Areas" of the agency, comprising more than 250 full-time employees. *See* Def.'s Reply at 10–11 (citing 2d McGruder Decl. ¶¶ 8–9). Such an arrangement satisfies the "rough" equivalency standard. Additionally, Plaintiff only vaguely asserts that her duties are not comparable, as she offers no specifics about her purportedly reduced role. *See* Pl.'s Opp'n at 6 (claiming lesser duties in general categories of "leadership, program delivery, and policy development"). In any event, the duties are "roughly" comparable. As before, she is responsible for coordinating certain civil rights activities throughout the agency, planning civil rights training, and interacting with agency components. *See* Def.'s Mot. at 4; Def.'s Reply at 11 (citing Final Position Description, Ex. G, ECF No. 198-1, 8–12). She is also a member of the Assistant Secretary for Civil Rights's leadership team. *See* Def.'s Reply at 11. Plaintiff cannot genuinely argue that she now has significantly lesser responsibilities than before.

Finally, although Plaintiff decries that her "liaison" role lacks actual authority, Pl.'s Opp'n at 7, it is hard to image how that is so. She is responsible for overseeing and coordinating the civil rights function of over 250 full-time employees in multiple Mission Areas. Surely, this is "roughly" equivalent to the authority she had before.

The court therefore finds that Plaintiff's present position as Deputy Director for Civil Rights Operations is roughly equivalent to her former post as Deputy Director of Civil Rights (Employment) in pay, benefits, status, and responsibility.

IV.

In the alternative, Plaintiff contends that, if the court declines to place her in her preferred position, she should be afforded the option of choosing a front-pay remedy instead of reinstatement. She is not entitled to such an election.

For starters, Plaintiff's argument comes too late. In her motion for equitable relief, Plaintiff expressly stated that front pay would *not* be an "issue in this case so long as the Court grants Plaintiff's request for reinstatement." Pl.'s. Amend. Mot. for Reinstatement, Back Pay, and Clean Record, ECF No. 170, at 10;[1] *see also id.* at 15 n.5. The court granted Plaintiff's favored remedy. She cannot now ask for front pay because she is dissatisfied with her present position.

Moreover, the case that Plaintiff cites for the proposition that she can elect her remedy, *Glymph v. District of Columbia*, says the opposite. *See* Pl.'s Opp'n at 10. There, the court ruled: If "I determine that the position is comparable and that plaintiff can fulfill its requirements on at least a part-time basis, but plaintiff refuses to accept the position, the [employer] will have *no obligation* to pay plaintiff anything more than the disability payments which she is or will be receiving." *Glymph*, 374 F. Supp. 2d 219, 228 (D.D.C. 2005) (emphasis added). Here, the court has determined that Plaintiff's newly assigned position is comparable to her former one. As *Glymph* states, if she chooses not to accept it, Defendant will have no obligation to pay her anything more than the amounts already ordered as back pay.

---

[1] This pagination reflections the ECF page number and not the page number assigned by Plaintiff.

Finally, it would be inconsistent with Plaintiff's status as member of the SES to afford her the choice between the newly assigned position and front pay. As a member of the SES, Plaintiff is subject to removal or suspension if she "fail[s] to accept a directed reassignment, or fail[s]to accompany a position in a transfer of function." OPM, Guide to the SES, at 24 (Mar. 2007), available at: https://www.opm.gov/policy-data-oversight/senior-executive-service/reference-materials/guidesesservices.pdf (last visited January 4, 2018). The court will not put Plaintiff in a *better* position than SES policy authorizes.

V.

For the foregoing reasons, the court grants Defendant's Motion to Resolve Dispute Concerning Equitable Relief. Within 14 days of this date, the parties shall submit a joint proposed final order (or separate proposed final orders if no agreement can be reached) incorporating the Court's rulings on equitable relief, including an updated total backpay award (inclusive of interest).

Dated: January 9, 2019

Amit P. Mehta
United States District Judge